IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCQuARE INTERNATIONAL, LTD.,

    Plaintiff,

v.

BBDO ATLANTA, INC.,

    Defendant.

CIVIL ACTION NO.
1:04-CV-0641-JEC

### O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiff's Second Motion for Sanctions [182], defendant's Motion to Compel [188], and defendant's Motion to Depose Richard Bell [189]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Second Motion for Sanctions [182] should be **GRANTED**, defendant's Motion to Compel [188] should be **DENIED**, and defendant's Motion to Depose Richard Bell [189] should be **GRANTED**, but the deposition should be limited in scope as explained below.

### BACKGROUND

The facts underlying this case are described more fully in the Court's summary judgment order. (Order [103].) Briefly, plaintiff SCQuARE International Limited ("SCQuARE") filed this copyright

infringement action after defendant reproduced portions of SCQuARE's corporate training manual and held several unauthorized training sessions on the "SCQuARE method" of solving business problems.[1] (*Id.* at 3-6.) Defendant asserted counterclaims against plaintiff for unjust enrichment and false endorsement. (*Id.* at 44-48.) The parties filed summary judgment motions, which the Court granted in part. (*Id.* at 49.) However, the Court denied summary judgment on plaintiff's copyright claim and defendant's counterclaims. (*Id.*)

On December 19, 2006, the Court held a pre-trial conference to discuss the trial schedule and several pending evidentiary disputes. (*See* Conference Tr., attached to Pl.'s Second Mot. for Sanctions [182] at Ex. 1.) Prior to the conference, plaintiff became aware that defendant had failed to produce a number of documents that were responsive to discovery requests that plaintiff served on defendant in 2004. (*Id.* at 27-29, 50-51.) Accordingly, during the conference, the Court granted plaintiff's motion to reopen discovery to allow plaintiff to explore the issues raised by the new documents. (*Id.*) The Court also indicated that it would sanction defendant for the late production, but left the exact penalty to be determined later. (*Id.* at 51.)

---

[1] Plaintiff also asserted claims against defendant for trademark infringement, unfair competition, and violations of the Deceptive Trade Practices Act. (*See* Order [103] at 28-32.) Those claims have no bearing on the present motions.

2

At the end of the pre-trial conference, the parties agreed to mediate their claims before a magistrate judge. The Court continued the trial, and administratively terminated the case, pending the mediation. (Order [152].) The parties subsequently participated in a mediation before Magistrate Judge King, but were unable to resolve their dispute. (Order [169].)

Following the mediation, the case was reactivated and the parties resumed their efforts to complete discovery and prepare the case for trial. (*See* Letter from Gary Kessler [178].) In connection with these efforts, defendant has filed a Motion to Compel [188] and a Motion to Depose Richard Bell [189], and plaintiff has filed a Second Motion for Sanctions [182]. All of these motions are presently before the Court.

## DISCUSSION

### I. Plaintiff's Second Motion for Sanctions

Prior to the pretrial conference, plaintiff filed a motion to preclude defendant from introducing or relying on various financial documents that defendant failed to produce during discovery. (Pl.'s Mot. to Exclude [93].) Plaintiff had served defendant with a broad discovery request for financial documents, and the Court had issued an Order compelling defendant to produce "[a]ll documents related or referring to [defendant's] revenues . . . including but not limited to financial statements, tax return documents, and annual reports."

3

(Order [58].) Following the Court's Order, defendant provided plaintiff with some financial information. However, after reviewing the report of defendant's damages expert Bruce Seaman, plaintiff realized that defendant had withheld certain documents that were responsive to the Court's Order. (Pl.'s Mot. to Exclude [93] at 3.) The Court indicated at the conference that defendant would be sanctioned for its conduct. (Conference Tr. at 51.)

After filing its motion to exclude, plaintiff discovered that defendant had withheld additional documents, including several presentations incorporating the SCQuARE mnemonic and process. (Pl.'s Second Mot. for Sanctions [184] at 2.) These documents are highly relevant to plaintiff's copyright infringement claim, and clearly responsive to plaintiff's June, 2004 request for documents relating to "projects, tasks, plans and strategies created using the SCQuARE program" and its August, 2004 request for documents "created using the SCQuARE business framework" or "incorporat[ing] any portion of SCQuARE's course materials." (*Id.* at 8.) At the time of the conference, plaintiff did not know how many documents defendant had withheld, or the exact content of the documents. (*Id.* at 2.) As mentioned, the Court reopened discovery so that plaintiff could explore these issues. (Conference Tr. at 50-51.) It now appears that defendant withheld over ten thousand pages of documents, including at least ten presentations specifically referencing SCQuARE

4

or incorporating the SCQuARE process. (Pl.'s Second Mot. for Sanctions [184] at 4-7.)

Defendant concedes that its failure to produce these documents violated its discovery obligations, but insists that the violation was "unintentional." (Def.'s Response to Pl.'s Second Mot. for Sanctions [187] at 2.) According to defendant, the corporate representatives who were responsible for the production assumed that the scope of plaintiff's lawsuit was limited to the "SCQuARE for Dummies" pamphlet and the "SCQuARE and the Continuous Promise" presentation. (*Id.* at 3.) Consequently, these representatives failed to identify numerous documents that referred to SCQuARE or incorporated the SCQuARE process. (*Id.* at 6.) Defendant also claims that it was unaware of many of the documents until it conducted a broad-based computer record search in response to plaintiff's request for documents during the extended discovery period. (*Id.* at 9.)

The Court is entirely unsatisfied with defendant's explanation. As an initial matter, it is unclear why defendant's corporate representatives assumed that plaintiff's lawsuit was limited to the "SCQuARE for Dummies" pamphlet and the "SCQuARE and the Continuous Promise" presentation. The allegations in plaintiff's Complaint plainly encompass *any* unauthorized use of the SCQuARE program. (Compl. [1] at ¶¶ 20, 22, 26-27.) In any case, plaintiff's document requests were not limited to "SCQuARE for Dummies" and/or "SCQuARE

and the Continuous Promise." Plaintiff requested *all* documents that incorporated or referred to SCQuARE in any way. (Pl.'s Second Mot. for Sanctions [184] at 8.) As to the broad-based computer search, the Court is at a loss as to why defendant did not conduct that search in response to plaintiff's first request for documents during the original discovery period. Apparently defendant believed that it was only required to produce documents that were: (1) admissible to prove the specific allegations in plaintiff's Complaint, construed as narrowly as possible; and (2) immediately available without conducting a thorough search. It is difficult to understand how defendant, who is represented by counsel, could be so uninformed about its discovery obligations.

Rule 37 of the Federal Rules of Civil Procedure authorizes sanctions against a party who fails to comply with a court's discovery order, or fails to appropriately respond to or supplement discovery requests. FED. R. CIV. P. 37(a) and (d). Rule 37 sanctions are intended to compensate the court and other parties for the added expense caused by discovery abuses, and to penalize the offending party or lawyer. *See Wouters v. Martin County, Florida,* 9 F.3d 924, 933 (11th Cir. 1993). Defendant's discovery violations have been taxing to plaintiff and the Court, and have expanded this litigation in ways defendant still does not seem to grasp. For example, the Court may have granted summary judgment on plaintiff's copyright

6

AO 72A
(Rev.8/82)

claim if it had been privy to the documents that defendant withheld.

Rule 37(b)(2) permits the Court to "make such orders in regard to [a discovery] failure as are just." FED. R. CIV. P. 37(b)(2)(2007). Such orders may include: (1) an order prohibiting the offending party from introducing designated matters into evidence; and (2) an order requiring the offending party to pay the reasonable expenses and attorney's fees caused by the failure. FED. R. CIV. P. 37(b)(2). Pursuant to Rule 37, the Court imposes the following sanctions on defendant:

(1) Defendant will not be permitted at trial to introduce or rely on any document that defendant failed to disclose by August 31, 2006.[2]

(2) Defendant will be required to reimburse plaintiff for all of the attorney's fees and expenses that are related to defendant's discovery violations, including all fees incurred by plaintiff during the extended discovery period beginning on December 19, 2006. Depending on the evidence at trial, the Court may award plaintiff additional attorney's fees, particularly those fees related to proving plaintiff's copyright claim. Following trial, plaintiff should submit a fee petition describing its fees and expenses in detail. Defendant will be permitted to respond to the petition. After reviewing the fee petition and the response, the Court will determine the final amount of the award.

## II.  Defendant's Motion to Compel

Defendant requests an order compelling plaintiff to produce

---

[2] Expert discovery ended on June 28, 2006. (Order [81].) The Court indicated during the conference, however, that defendant would be permitted to use documents related to costs and apportionment that defendant produced in August, 2006. (Conference Tr. at 50-52.)

7

several versions of SCQuARE manuals and training materials that plaintiff allegedly withheld during discovery. (Def.'s Mot. to Compel [188].) In particular, defendant seeks documents related to the following programs: (1) SCQuARE B2B - Business to Business; (2) SCQuARE Powerplan; and (3) eSCQuARE Professionals. (*Id.* at 1.) Defendant claims that these programs encourage SCQuARE trainees to use the SCQuARE mnemonic and thought process in a variety of settings, and thus support defendant's theory that its use of SCQuARE materials was authorized. (*Id.* at 2.) According to defendant, these documents are responsive to defendant's request for: "The fifth, seventh, and any versions after the seventh version of the SCQuARE Program Manual."[3] (*Id.*)

> Pursuant to Local Rule 37.1:
>
>> a motion to compel a disclosure or discovery must be filed within the time remaining prior to the close of discovery or, if longer, within ten (10) days after service of the disclosure or discovery response upon which the objection is based.

N.D. Ga. L.R. 37.1(B)(2007). Plaintiff's response to defendant's request for "any versions . . . of the SCQuARE program manual" was

---

[3] Defendant also contends that these documents are responsive to its request for "[a]ll documents reflecting statements made to seminar clients at orientation regarding who can and cannot use SCQuARE" and "[a]ll documents reflecting an explanation to participants reflecting SCQuARE's copyrights and limitations on use of SCQuARE materials pursuant to their copyright." (Def.'s Mot. to Compel [188] at 3.)

8

served on January 27, 2005. (Pl.'s Response to Def.'s Mot. to Compel [194] at Ex. E.) A motion to compel based on plaintiff's response was thus due by February 10, 2006, at the latest.[4] Defendant did not file its motion until August, 2007, well over a year past the deadline. Accordingly, the motion is **DENIED** as untimely.

In addition, it appears that defendant is seeking documents that do not exist. Plaintiff responded to defendant's request by producing the fifth, sixth, seventh and eighth versions of the SCQuARE program manual. (*Id.* at 4.) Plaintiff stated, during discovery and in subsequent conversations with defendant, that it was unaware of any additional manuals, training materials, or other documents that were in any way responsive to defendant's request. (*Id.*) With regard to the specific programs referenced by defendant, such as SCQuARE B2B, plaintiff explained that these programs refer to individualized consulting services that do not include any separate course materials, manuals or program templates. (*Id.* at 2, 7-10.) Defendant has not produced any evidence to suggest that plaintiff is withholding any documents. For this additional reason, the Court **DENIES** defendant's motion to compel. *See Pensacola Beach Cmty. United Church, Inc. v. Nat'l Union Fire Ins.*

---

[4]. Fact discovery ended on January 31, 2005. (Order [32].) The Court reopened discovery in December, 2006 to allow plaintiff to explore issues raised by defendant's untimely document production. (Conference Tr. at 50-51.) However, the Court specifically found that there were no grounds for allowing defendant to conduct any additional discovery. (*Id.* at 54.)

x

*Co. of Pittsburgh, Pennsylvania,* 2007 WL 737499 at *2 (N.D. Fla. 2007)("the court obviously cannot compel Plaintiff to produce documents that do not exist").

### III. Defendant's Motion to Depose Richard Bell

During the pre-trial conference, defendant requested permission to take a trial deposition of Richard Bell. (Conference Tr. at 61-62.) Bell formerly worked as a consultant for defendant. (Def.'s Mot. to Depose Bell [189] at 1.) He is also the former director of plaintiff's United States operations. (*Id.*) Apparently, Bell encouraged defendant to purchase the SCQuARE seminar and to use the SCQuARE process. (*Id.*) His testimony is important to defendant's claim that its use of SCQuARE was authorized. (*Id.*) Defendant deposed Bell in Atlanta during discovery. (*Id.*) But Bell now lives in Connecticut, outside the Court's subpoena power. (Def.'s Mot. to Depose Bell [189] at 2.)

Bell's deposition is admissible at trial pursuant to Rule 32 of the Federal Rules of Civil Procedure, which provides that:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . that the witness is at a greater distance than 100 miles from the place of trial.

FED. R. CIV. P. 32(a)(3)(B) (2007). Plaintiff indicated at the conference that it did not object to Bell's trial deposition. (Conference Tr. at 61-62.) However, plaintiff is now concerned that defendant will attempt to question Bell about the documents that defendant produced during the

10

extended discovery period following the conference. (Pl.'s Response to Def.'s Mot. to Depose Bell [199] at 3-5.) According to plaintiff, allowing defendant to question Bell about these documents would amount to reopening discovery for defendant. (*Id.* at 2.) Plaintiff thus contends that defendant should be required to use Bell's discovery deposition at trial. (*Id.*)

The Court agrees with plaintiff that defendant should not be permitted to question Bell about documents that defendant produced during the extended discovery period following the pre-trial conference on December 19, 2006. The Court made it clear above, and at the conference, that defendant would not be allowed to use these documents for any purpose. (Conference Tr. at 51.) However, the Court does not agree that defendant should be forced to rely on Bell's discovery deposition. Discovery depositions are designed to elicit any information that may "lead to admissible evidence." *See* FED. R. CIV. P. 26. As such, discovery depositions contain extraneous information that may be confusing to a jury. In addition, discovery depositions are not formatted to present information to the jury in the most comprehensible manner.

Bell is an important witness, and defendant should be permitted to present his testimony to the jury in a format that the jury will understand. Accordingly, the Court **GRANTS** defendant's motion to depose Richard Bell for trial. However, the Court does not believe that

11

defendant should benefit in any way from the documents that it withheld from plaintiff. The Court thus **ORDERS** that the scope of the Bell deposition be restricted as follows:

(1) Defendant is not permitted to introduce as an exhibit to the Bell deposition any document that defendant did not produce by August 31, 2006;

(2) Defendant is not permitted to question Bell on direct examination about any document that defendant did not produce by August 31, 2006; and

(3) Defendant is not permitted to question Bell concerning any new issue that has emerged since discovery was reopened for plaintiff in December, 2006.

In addition, the Court finds that the parties should bear their own attorney's fees and expenses related to the Bell deposition, as the deposition was not necessitated by defendant's discovery violations.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's Second Motion for Sanctions [182], **DENIES** defendant's Motion to Compel [188], and **GRANTS** defendant's Motion to Depose Richard Bell [189] but limits the scope of the deposition as explained above.

SO ORDERED, this 25 day of January, 2008.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

12